UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BUSS CHEMTECH AG,

Plaintiff,

v.

PCS PHOSPHATE COMPANY, INC.,

Defendant.

Case No. 25-cv-3710 (JGK)(GWG)

**PROTECTIVE ORDER**

Subject to approval of the Court, Plaintiff Buss ChemTech AG and Defendant PCS Phosphate Company, Inc. (individually, a "**Party**," and collectively, the "**Parties**") hereby stipulate and agree as follows:

**1. DEFINITIONS**

1.1 **Action:** This lawsuit, Case No. 25-cv-3710, in the United States District Court for the Southern District of New York.

1.2 **Counsel**: Outside Counsel and In-House Counsel.

1.3 "**Confidential**" **Information**: Discovery Material that has not been publicly disclosed and that contains personal data or information, non-public business, commercial, financial, contractual, or technical information that a Producing Party reasonably and in good faith believes is sensitive, or is otherwise subject to protection of applicable laws, and should be protected from unrestricted disclosure in this Action, but the disclosure of which to another Party or its non-expert personnel would not create a substantial risk of serious competitive or commercial harm. Any copies or reproductions, excerpts, summaries, or other documents or media that

paraphrase, excerpt, or contain Confidential Information shall be treated as Confidential Information.

1.4 **Designating Party**: A Party or non-party that designates information or items that it produces in disclosures or in response to discovery as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

1.5 **Discovery Material**: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery (including responses to non-party subpoenas), any other document requests, in deposition testimony and transcripts, or through deposition exhibits in this Action.

1.6 **Expert** and/or **Consultant**: A person with specialized knowledge or experience relevant to this Action, including the person's employees and support personnel, who is retained by a Party or its Counsel to serve as an expert witness or consultant, and who is not a current employee of a Party and is not anticipated to become one at the time of retention. This definition includes technical experts, discovery experts, and professional jury or trial consultants retained in connection with this Action.

1.7 "**Highly Confidential – Attorneys' Eyes Only**" **Information**: All Discovery Material that a Designating Party reasonably and in good faith believes contains non-public, highly sensitive proprietary or trade secret information, the disclosure of which to another Party or its non-expert personnel would create a substantial risk of serious competitive or commercial harm.

1.8 **In-House Counsel**: Attorneys who are employees of a Party or its affiliates.

1.9 **Outside Counsel**: All attorneys, along with their paralegals and other support personnel, who are not employees of a Party but who are retained to represent or advise a Party in

this Action.

1.10 **Producing Party**: A Party or non-party that produces Discovery Material in this Action.

1.11 **Professional Vendors**: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium) and their employees and subcontractors.

1.12 **Protected Material**: Any Discovery Material designated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only Information."

1.13 **Receiving Party**: A Party or non-party that receives Discovery Material from a Producing Party.

## 2. SCOPE

All Discovery Material produced or adduced in this Action is subject to this Protective Order and may be used solely for purposes of prosecuting or defending this Action, including discovery, mediation, trial preparation, trial, and any appeal. The protections of this Protective Order extend to information derived from Discovery Material, including metadata, copies, excerpts, summaries, compilations, and any testimony, communications, or presentations that reveal Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

## 3. DESIGNATING CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

3.1 Manner and Timing of Designation. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly designated accordingly before the Discovery Material is disclosed or produced.

3.2 Designation of Confidential Information and Highly Confidential – Attorneys' Eyes Only Information. Any Discovery Material produced, served, or otherwise disclosed to a Receiving Party by a Producing Party during the Action and designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be treated in a manner that is consistent with the definitions and procedures set forth in this Protective Order.

(A) *Documents*. Documents containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, and any copies thereof, shall be designated as such by including a legend of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the bottom of each page that contains such information. The legend shall not obscure the content.

(B) *ESI*. Confidential Information or Highly Confidential – Attorneys' Eyes Only Information produced as electronically stored information ("ESI"), including video footage, may be designated by a stamp, watermark, or other marker indicating "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If the ESI is not reasonably susceptible to such marking, the Designating Party must label the production media accordingly and/or include the designation in the native file name, and shall notify all recipients in writing of the designation at the time of production.

(C) *Tangible Objects*. Tangible objects may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by affixing to the object or its container an appropriate label or tag bearing the designation.

(D) *Testimony*. For testimony given in a deposition or other pretrial hearing, the Designating Party may either (1) identify on the record, or (2) identify, in writing, within twenty-one (21) calendar days of receipt of the final transcript, that the transcript must be treated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." To the extent a deponent gives testimony regarding exhibits that are designated Protected Material, unless the Parties agree otherwise, that testimony must be treated in accordance with the level the Protected Material was designated regardless of whether the testimony itself receives express designation at or after the deposition. The use of Protected Material as an exhibit at a deposition or other pretrial proceedings will not in any way affect its designation as Confidential Information or Highly Confidential – Attorneys' Eyes Only. During the 21-day period for designation, the Parties shall treat any transcript that was not designated on the record as if it had been designated Highly Confidential – Attorneys' Eyes Only in its entirety. After the expiration of that 21-day period or of such earlier time that such transcript is designated, the transcript shall be treated only as actually designated.

A Designating Party may exclude from the deposition any person not authorized under this Protective Order during testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and during the introduction of documents or exhibits so designated.

(E) *Reports Created by an Expert or Consultant Relying on or Incorporating Protected Material*. The Party responsible for its creation shall affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend at the bottom of each page of the report that contains Protected Material.

(F) *Documents Generated During the Action*. All pleadings, motion papers, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that quote or contain Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, if filed with the Court, shall be filed in a manner that does not disclose such

information publicly. This may be accomplished by redacting the relevant portions of the filing or by filing the affected material under seal, in accordance with the Court's rules governing sealed documents.

3.3 Restrictions on Use of Confidential Information and Highly Confidential – Attorneys' Eyes Only Information. Except as agreed to in writing by the Designating Party or its Counsel or as otherwise provided herein, Confidential Information and Highly Confidential – Attorneys' Eyes Only Information:

(A) shall be maintained in confidence;

(B) may be disclosed only to persons entitled to access thereto under the terms of this Protective Order; and

(C) shall be used solely for purposes of prosecuting or defending this Action, including any appeal, and for no other purpose, unless the Designating Party consents in writing to the disclosure or use of its Protected Material beyond the terms of this Protective Order.

3.4 Failure to Designate. If Discovery Material is produced without a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, that omission shall not, by itself, constitute a waiver of the Designating Party's right to seek protection under this Protective Order. Upon discovering a failure to designate, the Producing Party may notify the Receiving Party in writing and retroactively designate the Discovery Material by Bates number or other reasonably identifying means. Such failure shall not be deemed a waiver, in whole or in part, of any claim of confidentiality. Upon notice, the Parties shall cooperate to restore the confidentiality of the Discovery Material. If the Receiving Party disputes the confidentiality designation, the Designating Party's proposed designation shall remain in effect unless and until the Parties agree otherwise or the Court rules. All designations under this

Protective Order shall be made in good faith.

3.5 Exercise of Restraint and Care in Designating Material for Protection. Any Party or non-party designating material under this Protective Order shall limit such designation to material that qualifies for protection under the applicable standards. Where practicable, the Designating Party shall designate only the specific portions of Discovery Material that warrant protection and shall not designate Discovery Material indiscriminately. If a Designating Party later determines that Discovery Material does not qualify for protection, or does not qualify for the level of protection initially asserted, it shall promptly notify the other Party and withdraw or correct the designation.

## 4. AUTHORIZED USERS OF CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

4.1 Basic Principles. A Receiving Party may use Confidential Information or Highly Confidential – Attorneys' Eyes Only Information solely for purposes of prosecuting, defending, appealing, or attempting to settle this Action, and may disclose such information only to persons authorized and under the conditions set forth in this Protective Order. Upon termination of the Action, the Receiving Party shall comply with Section 6 below.

4.2 Data Security and Unauthorized Access. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order and complies with any other applicable legal requirements. If a Receiving Party in possession of another Party's or non-party's Protected Material learns of any known or reasonably suspected unauthorized access, disclosure, or use of Protected Material (a "Data Security Incident"), the Receiving Party shall: (1) promptly provide written notice to the Designating Party of such Data Security Incident; (2) investigate and make reasonable efforts to remediate the effects of the Data Security Incident and provide the

Designating Party with written assurances reasonably satisfactory to the Designating Party that such Data Security Incident will not reoccur; and (3) provide a written summary of the Data Security Incident such that the Designating Party can reasonably ascertain the size and scope of the Data Security Incident. The Receiving Party agrees to cooperate with the Designating Party in investigating any such Data Security Incident to the extent permitted by applicable laws. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

4.3 Disclosure of Confidential Information. Discovery Material designated as "CONFIDENTIAL" may be disclosed, as reasonably necessary for this Action, to the following persons:

(A) In-House Counsel for a Party and personnel working under their direction;

(B) Outside Counsel for a Party and their staff;

(C) Current or former directors, officers, or employees of the Parties who are assisting Counsel in this Action, after execution of Exhibit A;

(D) Experts or Consultants retained for this Action, and their staff, after execution of Exhibit A;

(E) Professional Vendors and litigation support providers, after execution of Exhibit A (which may be executed by an authorized representative);

(F) An author, signatory, prior recipient, or drafter of the document containing CONFIDENTIAL information, including as reflected in metadata;

(G) Deponents or trial witnesses;

(H) The Court or Court personnel;

(I) A Party's insurers or insurers' counsel, after execution of Exhibit A, where

disclosure is reasonably necessary;

(J) Other persons by written consent of the Designating Party or order of the Court; and

(K) Any person to whom disclosure is compelled by the Court, any authority or required by applicable laws.

4.4 Disclosure of Highly Confidential – Attorneys' Eyes Only Information. Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

(A) In-House Counsel for a Party;

(B) Outside Counsel for a Party and their staff;

(C) Experts or Consultants retained for this Action, and their staff, after execution of Exhibit A;

(D) Up to two employees designated in advance by each Party, solely for purposes of assisting Counsel in this Action, after execution of Exhibit A, provided that their identities have been disclosed to the Designating Party in writing.

(E) Professional Vendors and litigation support providers, after execution of Exhibit A (which may be executed by an authorized representative);

(F) During a deposition, an author, recipient, or drafter of the document being examined that contains HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information;

(G) The Court or the Court's personnel;

(H) A Party's insurers or insurers' counsel, after execution of Exhibit A, where disclosure is reasonably necessary;

(I) Other persons by written consent of the Designating Party or order of the Court; and

(J) Any person to whom disclosure is compelled by the Court, any authority or required by applicable laws.

4.5 Retention of Exhibit A. Counsel obtaining executed copies of Exhibit A shall retain them for three (3) months after final termination of this Action, and shall make them available to other Parties or the Court upon good cause shown.

**5. CHALLENGING DESIGNATIONS**

5.1 Timing of Challenges. Any Party or non-party may challenge a confidentiality designation at any time consistent with any scheduling order that may be entered by the Court. A Party does not waive its right to challenge a designation by not doing so promptly, unless a prompt challenge is necessary to avoid foreseeable substantial unfairness, unnecessary economic burden, or significant disruption or delay of the Action.

5.2 Meet and Confer. If a Party elects to challenge a confidentiality designation, it shall notify the Designating Party in writing, identify the challenged Discovery Material with reasonable specificity (including by production number where applicable), state the basis for the challenge, and serve the notice on the other Party. Within seven (7) business days after service of the notice, Outside Counsel shall meet and confer in good faith to attempt to resolve the dispute, unless otherwise agreed. The Parties shall complete this meet-and-confer process before presenting any challenge to the Court.

5.3 Judicial Intervention. If the dispute is not resolved through the meet-and-confer process set forth in Section 5.2, the challenging Party may promptly seek relief from the Court in accordance with its rules and procedures. The Designating Party bears the burden of establishing

the propriety of the challenged designation. The Discovery Material shall continue to receive the level of protection originally designated unless and until the Court rules otherwise. If the Court orders a change in designation, the Designating Party shall reproduce the affected Discovery Material with the designation modified or removed in accordance with the Court's ruling.

5.4 Upward Designation of Information or Items Produced by Other Parties or Non-Parties. A Party may upward designate Discovery Material produced by another Party or non-party where the Discovery Material contains the Designating Party's Confidential or Highly Confidential Information or otherwise qualifies for protection under Federal Rule of Civil Procedure 26(c) or other applicable laws. An upward designation may change undesignated material to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or change material designated as "CONFIDENTIAL" to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The upward designation shall be made by written notice to the other Party identifying the Discovery Material by Bates number or other reasonably specific means. Any Party may challenge an upward designation pursuant to Sections 5.1 through 5.3 above.

5.5 No Waiver. Nothing in this Protective Order shall be deemed a waiver of:

(A) a Party's or non-party's right to object to any discovery requests on any ground;

(B) a Party's right to seek an order compelling discovery with respect to any discovery request;

(C) a Party's right to object to the admission of any evidence at any stage in this Action; or

(D) a Party's or non-party's right to use and review its own documents and its

own Confidential or Highly Confidential Information.

**6. DURATION**

6.1 Any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, including any information derived therefrom, shall remain subject to this Protective Order unless the Parties agree otherwise or the Court orders otherwise.

6.2 This Order shall continue to apply to all Confidential Information and Highly Confidential – Attorneys' Eyes Only Information until expressly released by the Designating Party and shall survive the final determination of this Action. Within sixty (60) days after final determination of the Action, including any appeal, and subject to applicable legal or document-retention requirements, all Protected Material produced by a Party shall be returned to the Producing Party or destroyed or deleted, with written certification of return or destruction provided to the Producing Party. For purposes of this Protective Order, "final determination" means the later of (i) settlement of all claims; (ii) final judgment after exhaustion of all appeals and related proceedings (excluding any period of post-judgment supervision); or (iii) expiration of all time limits to seek appellate or related review, including any extensions permitted by law.

6.3 This Section does not apply to materials created in the course of this Action that were not produced by a Party, including pleadings, briefs, correspondence, deposition transcripts, and Expert reports, even if such materials contain or refer to Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. Counsel may retain such materials, provided they are maintained in accordance with this Protective Order.

**7. CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or court order in other litigation that seeks disclosure of material designated as Confidential Information or Highly Confidential – Attorneys'

Eyes Only Information in this Action, the Receiving Party shall promptly notify the Designating Party in writing, and in no event later than five (5) business days after receipt, and shall include a copy of the subpoena or order. The Receiving Party shall also promptly notify the issuing party that the requested Protected Material is subject to this Protective Order and shall provide a copy of the Protective Order to that party.

These obligations are intended to provide the Designating Party an opportunity to seek protection in the issuing court. The Designating Party shall bear the burden and expense of seeking such protection, and nothing in this Protective Order requires or authorizes a Receiving Party to disobey a lawful directive of another court.

**8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that it has disclosed Confidential Information or Highly Confidential – Attorneys' Eyes Only Information to an unauthorized person or in an unauthorized manner, it shall promptly notify the Designating Party in writing. Within ten (10) business days of such notice, the Designating Party may request that the Receiving Party use best efforts to retrieve the Protected Material, notify the recipient of the terms of this Protective Order, and request execution of Exhibit A.

**9. USE OF CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION AT TRIAL**

The use of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information in any public hearing or trial is not addressed by this Protective Order and shall be governed by future agreement of the Parties or order of the Court.

**10. APPLICATION OF THE PROTECTIVE ORDER TO THIRD-PARTY SUBPOENAS**

10.1 A Party issuing a subpoena to a non-party (the "Issuing Party") shall include a copy of this Protective Order and advise the non-party that documents may be produced subject to its

terms. Discovery produced by a non-party shall be treated as if produced by a Party, and the non-party shall have the same rights and obligations under this Protective Order with respect to confidentiality designations. A non-party may invoke the protections of this Protective Order by executing Exhibit A. Nothing in this Protective Order limits the rights of any Party or non-party to object to a subpoena.

10.2 If, after receiving notice of a subpoena pursuant to Rule 45(a)(4), a Party reasonably believes that responsive documents may contain Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, it may notify the Issuing Party in writing within five (5) business days and provide a general description of the anticipated Protected Material. Upon such notice, all documents produced in response to the subpoena shall be treated as Highly Confidential – Attorneys' Eyes Only Information until twenty-one (21) days after the Issuing Party provides copies of the production to the other Party. During that period, the Parties may designate the Discovery Material in accordance with this Protective Order, and any designation may be challenged pursuant to Section 5 above.

10.3 The Issuing Party shall provide the other Party with copies of all materials produced by the non-party, including any written responses or objections, within three (3) business days of receipt. If the Issuing Party cannot meet this deadline, it shall promptly notify the other Party in writing.

**11. SWISS LAW COMPLIANCE AND CROSS-BORDER TRANSFER**

11.1 Notification. If a Party or non-party reasonably believes that the disclosure or production of Discovery Material would violate Swiss law, including data protection, secrecy, or blocking-statute provisions, that Party or non-party shall promptly notify the requesting Party in writing of the nature of the restriction. Upon such notice, the Parties shall promptly meet and confer in good faith to identify reasonable measures to facilitate compliance with both Swiss law

and applicable U.S. discovery obligations, which may include, as appropriate, redactions, anonymization or pseudonymization, aggregation, use of summaries, phased production, or production pursuant to additional protective measures.

11.2 No Waiver. The production or disclosure of Discovery Material pursuant to this Protective Order shall not be deemed a waiver of any rights, protections, or objections available under Swiss law, including rights relating to confidentiality, secrecy, or data protection.

**12. MISCELLANEOUS**

12.1 Right of Further Relief. Nothing in this Protective Order limits any Party's right, after meeting and conferring, to seek relief from the Court to challenge restrictions on the use of discovery, to contest a designation of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, or to seek further relief.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, neither Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, neither Party waives any right to object on any ground to use in evidence of any of the Discovery Material covered by this Protective Order.

12.3 No Probative Value. This Protective Order does not alter any contractual, statutory, or other legal rights or obligations concerning Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. A confidentiality designation under this Protective Order is not determinative of confidentiality or admissibility, and the disclosure or use of designated Discovery Material in this Action shall not be used in any other proceeding to establish that such material is confidential, proprietary, or admissible.

12.4 Use of Party's Own Materials. Nothing in this Protective Order restricts a Party's right to use or disclose its own designated Discovery Material. Such use or disclosure does not waive the protections of this Protective Order or permit the other Party or non-parties to disclose the Discovery Material except as allowed herein.

12.5 Public Documents. The restrictions in this Protective Order do not apply to information that is in the public domain or becomes public through no violation of this Protective Order. Nothing in this Protective Order restricts a Party's use of information it properly possessed before receiving it from another Party, or that it independently discovered or developed.

12.6 Survival. This Protective Order binds the Parties, their successors, and all persons who obtain access to Discovery Material in this Action. This Order shall survive the termination of this Action and remain binding on all persons to whom Discovery Material is produced or disclosed. The Court retains jurisdiction to enforce this Order.

12.7 Inapplicability to Court and Court Personnel. This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

12.8 Artificial Intelligence. Protected Material shall not be submitted to any open generative artificial intelligence tool that is available to the public. Before submitting any Protected Material to a closed, enterprise generative artificial intelligence tool, a Receiving Party shall ensure that it (or its vendor) can delete all such Protected Material from the generative artificial intelligence tool at the conclusion of this matter, including any derivative information. The Parties agree that the purpose of this subsection is to make sure that Protected Material is not being added to generative artificial intelligence systems that could compromise confidentiality.

12.9 Modification Permitted. Any Party for good cause shown may apply to the Court for modification of this Protective Order.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BUSS CHEMTECH AG,

Plaintiff,

v.

PCS PHOSPHATE COMPANY, INC.,

Defendant.

**PROTECTIVE ORDER**

Case No. 25-cv-3710 (JGK)(GWG)

**ACKNOWLEDGMENT**

I hereby acknowledge that I have read the Protective Order dated ___________________ in the above-captioned action and that I understand the terms thereof. I agree to be bound by the Protective Order and understand that execution of this Acknowledgment is a prerequisite to my review of any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information to which I am not otherwise authorized to review under the terms of the Protective Order. I agree to submit to the jurisdiction of the Court solely for purposes of enforcing this Order.

Dated: ____________________________ Name: ______________________________________

Signature:

______________________________________

**SO ORDERED.**

Dated: October 8, 2026

Gabriel W. Gorenstein
______________________________________
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge